**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**ENHANCED LOUISIANA CAPITAL II, LLC, ET AL.**                    **CIVIL ACTION**


**VERSUS**                                                                                          **NO: 12-2409**


**BRENT HOMES**                                                                          **SECTION: "H"(1)**


<u>**ORDER AND REASONS**</u>


Before the Court is an unopposed Motion for Summary Judgment (R. Doc. 14) filed by
Plaintiffs Enhanced Louisiana Capital II ("ELC II") and Enhanced Louisiana Capital III ("ELC III").  For
the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.  The Motion is
granted insofar as Plaintiffs are entitled to recover $511,727.40 from Defendant, as well as
reasonable attorneys fees.  The motion is denied in that post-judgment interest on the Notes will
accrue at the federal rate.  The parties are remanded to the Magistrate Judge  to determine the
costs and attorney's fees associated with bringing this action.

1

**BACKGROUND**

On September 10, 2007, Plaintiffs entered into a Loan and Security Agreement with Lodgic Construction LLC ("Lodgic").  Pursuant to this agreement, Plaintiffs loaned Lodgic $600,000, as evidenced by two promissory notes (collectively the "Notes") executed the same day.[1]  Defendant personally guaranteed the Notes through a written contract of guaranty (the "Guaranty Agreement").

Lodgic subsequently defaulted on the Notes. On November 1, 2012, Plaintiffs filed suit against Defendant as guarantor to collect the sums due and owing.  (R. Doc. 1.)  Plaintiffs moved for summary judgment to collect same on April 9, 2013.  (R. Doc. 14.)  Defendant does not intend to oppose the Motion.  (R. Doc. 21.)

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[1] ELC II loaned $265,200.00; ELC III loaned $334,800.00.

2

(1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

3

**LAW AND ANALYSIS**

Although Defendant has chosen not to file an opposition, the Court may not simply grant the instant Motion as unopposed.  The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.  *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).  Indeed, on a motion for summary judgment, the moving party still "has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless [of] whether any response is filed." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012) (citing *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).  In this District, however, the failure to file an opposition requires the Court to deem the moving party's statements of uncontested material facts admitted.  *See* L.R. 56.2.  Nonetheless, the moving party must still make a *prima facie* showing of its entitlement to judgment.  *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1999).

Based on Plaintiffs' statement of uncontested material facts and this Court's independent review of the record, there are no genuine disputes of material fact with respect to Plaintiffs' entitlement to judgment under the Guaranty Agreement.  Accordingly, the instant Motion is

granted.[2]

I.      Doctrinal Foundation—Contracts of Guaranty

        In this diversity case, the Court applies the substantive law of the forum state, including its

conflict-of-law rules.  *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007) (citations

omitted).  The Loan and Security Agreement, Notes, and Guaranty Agreement explicitly provide

for the application of Louisiana law.  Louisiana courts will not invalidate a contractual choice-of-law

provision unless there is legal authority to the contrary or the chosen law is *contra bonos mores*.

*See Barnett v. American Const. Hoist, Inc.*, 91 So. 3d 345, 349 (La. Ct. App. 1st Cir. 2012) (citations

omitted).  Having discovered no such impediments, the Court interprets the Guaranty Agreement

under Louisiana law.

        "A contract of guaranty is equivalent to a contract of suretyship and the two terms may be

used interchangeably."  *First Bank & Trust v. Tedesco*, 106 So. 3d 653, 658 (La. Ct. App. 4th Cir.

2012) (citations omitted).  Thus, the Louisiana Civil Code articles on suretyship govern the validity

and effect of the Guaranty Agreement.  *See Fleet Fuel, Inc. v. Mynex, Inc.*, 924 So. 2d 580, 582 (La.

Ct. App. 2d Cir. 2006) (citations omitted).  Suretyship is defined as "an accessory contract by which

a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter

to do so." La. Civ. Code art. 3035.  A contract of suretyship must be express and in writing.  La. Civ.

---

[2] As explained *infra*, however, the motion is denied insofar as post-judgment interest shall accrue
at the federal rate, rather than the contractual rate.

Code art. 3038.  Unless the contract provides otherwise, the obligee may proceed directly against the surety upon the principal obligor's default.  *See* La. Civ. Code. art. 3045 ("A surety . . . is liable to the creditor . . . for the full performance of the obligation of the principal obligor, *without benefit of . . . discussion*, even in the absence of an express agreement of solidarity") (emphasis added). In other words, an obligee need not exhaust all possibilities for collection against the principal obligor before proceeding against the surety.  *See also Wheelahan v. Wheelahan*, 811 So. 2d 26, 28 (La. Ct. App. 4th Cir. 2001).

Contracts of suretyship are subject to the same rules of interpretation as contracts in general.  *Wooley v. Lucksinger*, 7 So. 3d 660, 664 (La. Ct. App. 1st Cir. 2008) (citations omitted). "Interpretation of a contract is the determination of the common intent of the parties."  La. Civ. Code art. 2045.  "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."  La. Civ. Code art. 2046.  "Common intent is determined, therefore, in accordance with the general, ordinary, plain and popular meaning of the words used in the contract."  *Prejean v. Guillory*, 38 So. 3d 274, 279 (La. 2010) (citations omitted).

II.    <u>Application to the Facts</u>

Before proceeding against Defendant pursuant to the Guaranty Agreement, Plaintiffs must first establish default on the principal obligation—in this case, the timely repayment of the Notes. Lodgic is clearly in default.

The Notes explicitly incorporate the terms and conditions of the Loan and Security Agreement. The latter provides for monthly payments of interest and principal, and requires payment in full of all amounts owed under the Notes before the maturity date of September 10, 2012. The Loan and Security Agreement further provides that the borrower's failure to pay any amount due under the Notes, coupled with the failure to cure same within fifteen days following written notice thereof, constitutes a default.

Lodgic has made four payments under the Notes. There remains $364,738 in outstanding principal and $146,989.40 in outstanding interest as of the date of this Order.[3] Thus, the balance remaining under the Notes is $511,727.40.

Having established Lodgic's default on the principal obligation, Plaintiffs may recover the outstanding balance from Defendant provided that there exists a valid contract of suretyship. The Guaranty Agreement is clearly valid under Louisiana law. The agreement is in writing and unequivocally evinces Defendant's intent to guaranty payment of the Notes.[4] *See Veterans*

---

[3] The Court's calculation of interest is as follows: the outstanding interest as of April 9, 2013, was $140,302.50. Interest continues to accrue at $121.58 per day. 55 days have passed between April 9, 2013, and the date of this Order, June 5, 2013. $121.58 x 55 = $6,686.90. $6,686.90 + $140,302.50 = $146,989.40.

[4] The Guaranty Agreement provides that Defendant "absolutely, unconditionally and irrevocably guarantees to the [Plaintiffs] the full and punctual payment when due and owing in accordance with the terms of the [Loan and Security Agreement], of all present and future obligations of [Lodgic] to the [Plaintiffs] . . . under the [Loan and Security Agreement.]" (R. Doc. 14-7 at ¶1.) It further provides that "[i]f [Lodgic] fail[s] to pay any Obligations for which it is liable, when and as the same shall become due and payable . . . [Defendant] shall on demand pay the same to the [Plaintiffs]." (*Id.*) And finally: "The [Defendant] agrees that the [Plaintiffs] may resort to the [Defendant] for payment of any of the Obligations, whether or not the [Plaintiffs] shall have proceeded against [Lodgic] with respect to any of the Obligations."

*Commercial Props., LLC v. Barry's Flooring, Inc.*, 67 So. 3d 627, 630 (La. Ct. App. 5th Cir. 2011) ("Although a surety's contract need not observe technical formalities, it must contain an absolute expression of an intent to be bound") (citations omitted).

Plaintiffs are also entitled to recover attorney's fees and costs in bringing this action.  In diversity cases such as this one, state law governs the award of attorney's fees.  *Hobbs v. Alcoa, Inc.*, 501 F.3d 395, 398 (5th Cir. 2007) (citations omitted).  "Louisiana courts have long held that attorney's fees are not allowed except where authorized by statute or contract." *Sher v. Lafayette Ins. Co.*, 988 So. 3d 186, 201 (La. 2008) (citations omitted).  Thus, where parties contract for attorney's fees and "the language of the agreement is clear and unambiguous, it should be not be disregarded." *Charles Carter & Co., Inc. v. Charles W. Hogg Co., Inc.*, 355 So. 2d 16, 17 (La. Ct. App. 1st Cir. 1977) (citations omitted).  Because the Guaranty Agreement clearly provides for attorney's fees and costs, Plaintiffs are entitled to recover same.[5]  The parties are remanded to the Magistrate Judge to determine the costs and attorney's fees associated with bringing the instant action.

III.    Post-Judgment Interest

In addition to recovering the outstanding principal and pre-judgment interest, Plaintiffs also seek to recover post-judgment interest at the rate provided for in the loan documents.  Plaintiffs

---

(*Id.* at ¶4.)

[5] The agreement provides that Defendant "agrees to pay on demand all fees and expenses (including the reasonable fees and expenses of the [Plaintiffs'] counsel) in any way relating to the enforcement of the rights of the [Plaintiffs] hereunder."  (R. Doc. 14-7 ¶5.)

erroneously assume, however, that interest continues to accrue post-judgment at the contractual rate.

"Federal law governs postjudgment interest in federal cases, including diversity cases." *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, No. 12–20100, 2013 WL 1859079, at * 6  (5th Cir. 2013) (citing *Meaux Surface Prot. Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010)).  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield."  28 U.S.C. § 1961.  Despite this mandatory language, parties may contract for a post-judgment interest rate other than that specified in 28 U.S.C. § 1961. *Tricon Energy Ltd.*, 2013 WL 1859079, at *6 (citations omitted).   "'But to do so, they must specifically contract around the general rule that a cause of action reduced to judgment merges into the judgment and the contractual interest rate therefore disappears for post-judgment purposes.'"  *Id.* (quoting *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009)).  Parties wishing to overcome the merger rule and "contract around the statutory rate must do so using  'clear, unambiguous[,] and unequivocal language.'"  *Tricon Energy Ltd.*, 2013 WL 1859079, at *7 (alterations in original) (quoting *In re Riebesell*, 586 F.3d at 794).

No such language is present in the Guaranty Agreement, Notes, or the Loan and Security Agreement.  The general provision in these agreements that Louisiana law will apply is insufficient to avoid § 1961.  *See In re Riebesell*, 586 F.3d at 794.  Nor does the Loan and Security Agreement's provision that interest shall accrue at a fixed rate of "12% per annum from and after the second

9

anniversary of the Closing Date" suffice. (*See* R. Doc. 14-5 ¶2.3.)  In fact, even a contractual penalty provision which provides for a higher rate of interest in the event of default is insufficient to overcome the merger rule.  *See In re Riebesell*, 586 F.3d at 794.  Ultimately, in order to bypass § 1961, the parties must explicitly contract for a post-judgment interest rate.  *See id.* at 794–95. Because the parties have declined to do so here, the federal rate applies.

## CONCLUSION

For the reasons previously stated, the Motion is GRANTED IN PART and DENIED IN PART. Plaintiffs are entitled to recover $511,727.40 from Defendant.  Post-judgment interest will accrue at the federal rate.  Plaintiffs are also entitled to recover attorney's fees.  The parties are remanded to the Magistrate Judge to determine the costs and attorney's fees associated with bringing this action.  Judgment shall be entered in accordance with this Order.

New Orleans, Louisiana, this 5th day of June, 2013.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE