UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**ENHANCED LOUISIANA CAPITAL,**            **CIVIL ACTION**
**et al**

**VERSUS**            **NO: 12-2409-JTM-SS**

**BRENT HOMES**

### REPORT AND RECOMMENDATION

The plaintiffs, Enhanced Louisiana Capital II, LLC and Enhanced Louisiana Capital III, L.L.C. (collectively "ELC"), filed a motion to set attorneys' fees and costs. Rec. doc. 27. For the reasons described below, it is recommended that ELC's motion be granted in part and it be awarded attorneys' fees of $20,408.00 and costs of $1,012.60 for a total of $21,420.60.

### BACKGROUND

On October 1, 2012, ELC filed a complaint against Brent Homes ("Homes") and sought payments totaling $600,000 plus interest, attorneys' fees and costs. Rec. doc. 1 at 6. Homes filed an answer. Rec. doc. 6. The trial was set for July 15, 2013. Rec. doc. 12.

ELC filed a motion for summary judgment. Rec. doc. 14. Homes filed a notice of no opposition to the motion for summary judgment. Rec. doc. 21. The motion was denied without prejudice. ELC was granted leave to amend to allege jurisdictional facts for diversity jurisdiction, rec. doc. 23, and it filed an amended complaint. Rec. doc. 24. Homes did not answer.

The motion for summary judgment was granted awarding the plaintiffs $511,727.40 plus post-judgment interest set at the federal rate. The plaintiffs are entitled to recover attorneys' fee as determined by the assigned Magistrate Judge. Rec. doc. 26. ELC's motion for fees and costs (Rec. doc. 27) is unopposed.

### ELC'S MOTION FOR ATTORNEYS' FEES

The Guarantee Agreement by Homes provides, in part, that:

> The Guarantor [Homes] agrees to pay on demand all fees and expenses (including the reasonable fees and expenses of the Lenders' counsel) in any way relating to the enforcement of the rights of the Lenders hereunder; provided, that the Guarantor shall not be liable for any expenses of the Lenders if no payment under this Agreement is due or if the Guarantor promptly pays any amounts due the Lenders hereunder.

Rec. doc. 14 (Exhibit C at 2).

ELC's counsel spent 69.1 hours on this matter. Rec. doc. 27 (Exhibit D). A review of the time records reveals that these hours were reasonably expended on the litigation. The hourly rate for the lead attorney was $350.00 per hour. The hourly rate for the second attorney was $240.00 per hour. In Greater New Orleans Fair Housing Action Center, et al v. St. Bernard Parish, 06-7185-HGB-SS (Rec. doc. 381), the Court approved rates of $250.00 to $275.00 per hour for partners and $125.00 to $175 per hour for associates for activity in 2009. ELC's counsel incurred their time from September 2012 through May 2013. The hourly rates sought by ELC for the work in 2012 and 2013 are reasonable.

To calculate an attorneys' fee award the district court first calculates the "lodestar." Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 1939-40 (1983). The lodestar for ELC is $20,408.00.

The Court is required to consider whether any adjustment is required to the lodestar by the factors described in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the

attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  The only factor at issue in ELC's motion is a contingent fee agreement.  The remaining Johnson factors are not at issue.

ELC entered into a contingent fee agreement with its counsel.  It provides for a fee of 30% of the gross recovery realized by ELC plus all costs associated with the prosecution of the claims. Rec. doc. 27 (Exhibit C at 1).  By the terms of the contingent fee agreement, ELC seeks an award of attorneys' fees of $153,518.10.

In Johnson, the Fifth Circuit stated that,

> The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case. . . .  The criterion for the court is not what the parties agreed but what is reasonable. . .  In no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount.

488 F.2d at 718 (citing Clark v. American Marine Corp., 320 F.Supp. 709, 711 (E.D. La. 1970)(Rubin, J.)).

Considering the circumstances of this case, the lodestar of $20,408.00 is a reasonable fee for the services.  While ELC and its counsel agreed to a contingent fee, Johnson requires that the Court focus on what is reasonable in awarding fees taxable against the defendant.[1]

ELC seeks an award of costs of $1,012.60.  Rec. doc. 27 (Exhibit E).  These costs are reasonable.

---

[1] This ruling does not opine on the contingency fee contract between ELC and its client.

## **RECOMMENDATION**

IT IS RECOMMENDED that: (1) ELC's motion to set attorneys' fees and costs (Rec. doc. 27) be GRANTED in PART and DENIED in PART; and (2) ELC be awarded attorneys' fees of $20,408.00 and costs of $1,012.60 for a total of $21,420.60.

## **OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of July, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**